UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OCTAVIO BELLO PEREZ,<br>Petitioner,<br>v.<br>TODD BLANCHE, ET AL.,<br>Respondents. | Case No. 26-cv-04021<br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br>Dkt. No. 1 |

Petitioner Octavio Bello Perez filed a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2241, requesting a bond hearing. (Dkt. No. 1 ("Petition").) The government responded to the Petition, acknowledging that Petitioner "appears to be a member of the Bond Eligible Class certified in *Maldonado Bautista v. Santacruz*, 813 F. Supp. 3d 1084 (C.D. Cal. 2025)," and thus, the government "do[es] not oppose an order from this Court directing a bond hearing be held pursuant to 8 U.S.C. [Section] 1226(a)." (Dkt. No. 5 at 1–2.) [1] For the reasons stated below, the Petition is **GRANTED**. Respondents shall ensure that Petitioner is provided with a bond hearing within 14 days.

## I. LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004). "[T]he traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates that they are in custody in

[1] Citations to page numbers refer to ECF pagination.

violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). It applies to non-citizens detained within the United States. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Since Petitioner is in custody and since he is seeking release from custody, he has standing to pursue this Petition.

## II. ANALYSIS

Petitioner, a Mexican national, has been residing in the United States since 2009. (Petition ¶ 18.) While Petitioner was driving to work in the interior of the United States on June 18, 2026, two SUVs pulled up beside him at a stoplight. (*Id.* ¶¶ 18–19.) Men got out of the SUVs, started yelling his name, pulled him out of his vehicle, and said he was under arrest for being in the country illegally. (*Id.* ¶ 19.) The Department of Homeland Security subsequently placed him in removal proceedings, and he remains in immigration detention. (*Id.* ¶¶ 1, 19.) Petitioner has been charged as being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) as someone who entered the United States without inspection. (*Id.* ¶ 19.) Petitioner has not been given a bond hearing, presumably in reliance on *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025). (*See id.* ¶¶ 20, 26.)

The Central District of California certified a class of which it appears that Petitioner was initially a member. *Maldonado Bautista v. Santacruz*, 813 F. Supp. 3d 1075, 1077–78 (C.D. Cal. 2025). The case essentially overruled *Yajure Hurtado*. *Id.* at 1080. The Ninth Circuit has since stayed application of the class to any members outside the Central District of California. *Maldonado Bautista v. U.S. DHS*, No. 26-1044, Dkt. No. 5 (9th Cir. Mar. 6, 2026). Although *Maldonado Bautista* is not binding on this Court, many courts in this district have agreed with the reasoning in *Maldonado Bautista* and have found that similarly situated petitioners are not subject to mandatory detention under 8 U.S.C. Section 1225. *See*, *e.g.*, *Rodriguez v. LaRose*, No. 25-cv-02940-RBM, 2025 WL 3456475, at *4–5 (S.D. Cal. Dec. 2, 2025); *Gregorio v. LaRose*, No. 25-cv-03322-BAS, 2025 WL 3653998, at *2–4 (S.D. Cal. Dec. 17, 2025); *Cortez Garrido v. Mullin*, No. 26-cv-02800-LEK, 2026 WL 1375950, at *1–2 & n.2 (S.D. Cal. May 15, 2026); *see also Valencia Zapata v. Kaiser*, 801 F. Supp. 3d 919, 936–37 (N.D. Cal. 2025). Therefore, for

the reasons stated in those opinions, the Court **GRANTS** the Petition.

Petitioner has also requested that this Court award him attorney's fees. (Petition at 10.) The Court will consider an application requesting reasonable attorney's fees that is filed within 30 days of the entry of judgment. Accordingly, Petitioner's request for attorney's fees is **DENIED** without prejudice.

## III. CONCLUSION

For the foregoing reasons, the Petition is **GRANTED**. Respondents are **ORDERED** to provide Petitioner with an individualized bond hearing under 8 U.S.C. Section 1226(a) within **14 days** of the filing of this Order. Respondents **SHALL NOT** deny Petitioner's bond on the basis that 8 U.S.C. Section 1225(b)(2) requires mandatory detention. If no bond hearing is held by **August 3, 2026**, Petitioner shall be released the following day.

The Clerk of the Court shall close the case.

**IT IS SO ORDERED.**

Dated: July 20, 2026

RITA F. LIN
United States District Judge